## City of Herrin v. Mary Newton.

1. INSTRUCTIONS—*Defective Sidewalks.*—An instruction by which the jury is told, in substance, that a municipal corporation is liable for such a defect only as a person exercising reasonable care can not avoid danger in passing over, is erroneous. The city is liable when reasonable care to avoid danger is used and damage ensues.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

SPILLER, FOWLER & WHITE, attorneys for appellant.

WILLIAM A. SCHWARTZ and DUNCAN & DENISON, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit by appellee to recover damages for a personal injury caused by a defective sidewalk in the city of Herrin, on September 22, A. D. 1900, while walking along said walk. Appellee alleges that appellant wrongfully and negligently suffered its sidewalk to become and remain in an unsafe condition, and divers planks of the walk to become and remain unfastened, and that appellee, while walking along said walk, using ordinary care for her own safety, was tripped by one of the loose planks flying up, by reason of a man, standing at the side of the said walk, placing his foot on one end of the loose plank; that appellee's foot was struck by the plank, or forced into the hole, thereby injuring her foot; that as a result of the injury, erysipelas

developed in her foot, and that appellee has suffered great pain and is permanently injured.

The plaintiff recovered judgment for $1,000, from which judgment defendant appealed.

The evidence shows that appellee was injured by the uptilting of a loose plank in the sidewalk, caused by a man stepping on one end of the plank. There is no evidence of want of ordinary care on her part, nor is there any evidence tending to show that the plank was not loose, or that it did not tilt up and injure her as she testifies. The only remaining issue then, is the liability of appellant. That issue involves the following propositions: Had appellant exercised reasonable care to keep the walk in a reasonably safe condition, and had it actual notice, or had the walk been so long out of repair that it should have known of its defective condition. Upon all these questions there is a conflict of evidence. If the jury believed the testimony of appellee's witnesses, she was entitled to recover. This being so, it would serve no useful purpose to quote, analyze, and compare the conflicting testimony.

It was for the jury to weigh the evidence and say what it proved. While it does not clearly establish the liability of appellant, there is evidence which, if true, does prove its liability. This being so, the finding of the jury should not be disturbed.

Twenty-six instructions were asked by appellant, fourteen of which were given. Where so many instructions are imposed upon a court, it is not strange that errors occur in giving or refusing some of them. No fault is found with those given for appellee, but it is urged that the court erred in refusing certain instructions requested by appellant. The first refused instruction does not state the law correctly and is misleading. By it the jury is told, in substance, that a municipal corporation is liable for such a defect only, as a person exercising reasonable care can not avoid danger in passing over. If this means anything, it means that the corporation is only liable when a person can not avoid danger. This is not the law. It is liable when reasonable care to avoid danger is used, and damage ensues.

The material part of refused instruction numbered 2, is found in number 5 and 6, which were given; and of number 9, in number 3 given. Number 10 should have been given, but its refusal is not reversible error, as the jury had been told in general terms in number 6, all that is embraced in number 10. The same is true of refused instructions number 11, and number 12. The jurors were fully instructed as to what the plaintiff must prove to sustain her case, and it would have been a repetition of the substance of other instructions, to tell them that the proof of the injuries alone would not warrant a recovery.

It is claimed that the court erred in not sustaining appellant's objection to the testimony of Odum and Dawson, as to the condition of the walk, on the ground that they could not tell what it was prior to the 22d of September, the date of the accident.

The abstracts show no exceptions taken when objections to the testimony of these witnesses were overruled, nor does it show that objections of the specific character mentioned by appellant, were made.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.